UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DONALD LEE HICKMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:11-CV-222 |
| | ) | (VARLAN/GUYTON) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral of the District Judge to address the Commissioner's Motion to Dismiss [Doc. 6]. For the reasons stated below, the Court will **RECOMMEND** that the Motion to Dismiss be **GRANTED**.

**I.     BACKGROUND**

On July 18, 2007, the Plaintiff filed an application for supplemental security income, alleging disability beginning August 15, 2006. [Doc. 7 at 8]. On February 23, 2010, the Administrative Law Judge assigned to Plaintiff's case issued a decision finding that the Plaintiff was not disabled. [Doc. 7 at 8-15]. On March 8, 2011, the Office of Disability Adjudication and Review sent notice that the Appeals Council had denied the Plaintiff's request for review. [Doc. 7 at 16].

On May 16, 2011, the Plaintiff filed this case, complaining of the adverse decision by the Commissioner. [Doc. 1]. On July 25, 2011, the Commissioner filed the instant Motion to Dismiss. [Doc. 6]. As of the date of this Report and Recommendation, the Plaintiff has not

responded in opposition to the Motion to Dismiss.

**II.   ANALYSIS**

In the Motion to Dismiss, the Commissioner moves the Court to dismiss this case, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that Plaintiff's Complaint was untimely. Having reviewed the Commissioner's motion and the procedural posture of this case, the Court finds that the Motion to Dismiss should be granted for two reasons. First, the Plaintiff did not file this suit within the time allotted by 42 U.S.C. § 405(g). Second, the Court finds that the Motion to Dismiss should be granted, because the Plaintiff has not responded in opposition to the motion.

*A.   The Plaintiff Did Not Timely File*

Pursuant to Rule 12(b)(6) of the Rules of Civil Procedure, a defense based upon an alleged "failure to state a claim upon which relief can be granted" may be presented by motion prior to the filing of a responsive pleading.

Title 42 U.S.C. section 405(g) provides that:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

An individual is presumed to have received "notice" of the Commissioner's decision five days after the mailing of such notice. See 20 C.F.R. §§ 404.981, 416.1481, 404.901, 416.1401 and 422.210(c).

2

In this case, the Plaintiff is presumed to have had notice of the Commissioner's final decision, the decision of the Appeals Council, on or before March 13, 2011. Thus, the Plaintiff's sixty-day period for filing his suit expired May 12, 2011. The Plaintiff did not file his Complaint on or before May 12, 2011, and therefore, he is unable to "obtain a review of such decision by a civil action," under 42 U.S.C. § 405(g).

Because the Plaintiff is untimely and not eligible for review, the Court finds that the Commissioner's request that the Plaintiff's Complaint be dismissed is well-taken, and the undersigned will recommend that it be granted.

B.  *The Plaintiff Did Not Timely Respond*

Pursuant to Local Rule 7.1(a), a party has twenty-one days in which to respond to a dispositive motion, and under Rules 6(d) and 5(b) three additional days are added for mailing or electronic service of the motion. Thus, a party is afforded twenty-four days to respond to a motion to dismiss, absent other circumstances that are not applicable here.

In this case, the Plaintiff did not respond to the Motion to Dismiss within twenty-four days. This failure to respond may be treated as acquiescence to the relief sought. See E.D. Tenn. L.R. 7.2. Thus, the Court finds that the Commissioner's request that the Plaintiff's Complaint be dismissed is also well-taken, based upon the Plaintiff's failure to respond. The Court will recommend that the Motion to Dismiss be granted on this basis as well.

### III. CONCLUSION

Based upon the foregoing, the undersigned finds that the Commissioner's Motion to Dismiss **[Doc. 6]** is well-taken and **RECOMMENDS**[1] that it be **GRANTED**.

Respectfully Submitted,

　　s/ H. Bruce Guyton　　
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).